# Agnew & Morrison

Honorable Loretta A. Preska
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

January 29, 2025

**Re:** <u>Feola v. Mueller, et al.</u>, 23-cv-3393 (LAP)
Motion to Substitute Plaintiff (Without Objection)

Dear Judge Preska:

Our office represented the Plaintiff, Elvio Feola ("the decedent"), in this action. Mr. Feola passed away on November 20, 2024. We now move to substitute the decedent's surviving spouse, named executor of the will, and beneficiary of his estate, Stephanie Feola, as the Estate's representative and Plaintiff in this action. Counsel for the State Representative Defendant and Non-State Representative Defendants have indicated that they do not object to this motion and substitution.

Substitution is governed by Rule 25, which is a procedural rule that trumps applicable state law. <u>United States v. Holland</u>, No. 19-cv-02456 (DG), 2023 U.S. Dist. LEXIS 46934, at *5 (E.D.N.Y. Mar. 20, 2023). Under Rule 25(a)(1), "[i]f a party dies and the claim is not extinguished," the party's successor or representative may make a motion to substitute as Plaintiff. "To satisfy Rule 25(a)(1), the motion must be (1) timely; (2) the claims must survive the decedent's death, and (3) the party sought to be substituted for the decedent must be a proper party." <u>CFS 12 Funding</u>

LLC v. Wiesen, No. 21-cv-9711 (PKC), 2022 U.S. Dist. LEXIS 223754, at *3 (S.D.N.Y. Dec. 12, 2022).

1.  **Timeliness:**  Pursuant to Rule 25(a)(1), the party seeking substitution must move the Court within 90 days of "service of a statement noting the death" of the party for whom substitution is sought.  Worrell v Colvin, No. 1:12-cv-3386 (ENV), 2013 U.S. Dist. LEXIS 94049, at *3 (E.D.N.Y. June 26, 2013.)  Here, the Court and parties were notified on November 21, 2024, of Mr. Feola's death [dkt. no. 100] and this motion is filed within 90 days of that notice.

2.  **Survival of the Claim:**  A court must look to the nature of the cause of action for which the suit is brought to determine whether a claim survives or is extinguished upon the death of a party. Jimenez-Rodoli v Dist. 15 Machinist's Union, No. 10-cv-8378 (RJS), 2011 U.S. Dist. LEXIS 111268, at *1 (S.D.N.Y. Sep. 27, 2011)(citations omitted).  The Second Circuit has held "[w]hen a party dies before pursuing his cause of action under § 1983, the claim survives for the benefit of his estate if applicable state law creates a right of survival. Barrett v. United States, 689 F.2d 324, 331 (2d Cir. 1982)(citation omitted).  Under New York law a claim arising from the infringement of a decedent's civil rights survives his death and may be asserted by his personal representative. See ibid.; N.Y. E.P.T.L. § 11-3.2(b)(Consol., Lexis Advance through 2024 released Chapters 1-679**).  Here, all claims of this

Complaint are brought under 42 U.S.C. § 1983 to redress Eighth Amendment violations committed by Defendants that caused injury to the decedent.  (Dkt. No. 1.)  Accordingly, Mr. Feola's § 1983 Eighth Amendment claims survive his death.

    **3.**    **Proper Party:**  "The phrase 'proper party' is undefined; its meaning derives entirely from case law." Bruccoleri v. Gangemi, No. 17-cv-7443 (ILG) 2019 U.S. Dist. LEXIS 230339, at *2 (E.D.N.Y. Mar. 15, 2019). "Cases interpreting Rule 25(a)(1) have established that a person may qualify as a decedent's legal successor under Rule 25(a)(1) if she is: (1) the primary beneficiary of an already distributed estate; (2) ***named in a will as the executor of the decedent's estate, even if the will is not probated***, or (3) the primary beneficiary of an unprobated intestate estate which need not be probated." CFS 12 Funding LLC v. Wiesen, No. 21-cv-9711 (PKC), 2023 U.S. Dist. LEXIS 96950, at *4 (S.D.N.Y. June 5, 2023) (emphasis added). "Although a state court determination can be helpful in identifying a decedent's successor or representative, no such designation is required before a federal court can determine the proper party for substitution." Ibid.

    Here, Stephanie Feola is the named executor of the decedent's will and sole beneficiary of the estate. (Morrison Decl. Ex. 2 at p. 2, 3.)  Ms. Feola filed her petition for probate in the Bronx Surrogate Court and is currently awaiting her letters.  (See Morrison Decl. Ex. 1 and Ex. 3.)

*New York Office*    (312) 206-8185    josh@ajagnew.com    *New Jersey Office*
24 Fifth Avenue, Suite 1701    36 Page Hill Road
New York, NY 10011    Far Hills, NJ 07931

Accordingly, we respectfully request that Stephanie Feola, as executrix of the Estate of Elvio Feola, deceased, be substituted as the named plaintiff in this action. Following the Court's approval, the Plaintiff anticipates submitting a joint letter lifting the stay, with an agreed proposed discovery schedule to move this case forward.

We thank this Court for its continued courtesies.

```
Plaintiff's unopposed request to
substitute Stephanie Feola, as executrix
of the Estate of Elvio Feola, as the
named plaintiff in the above-captioned
action is GRANTED.  The Clerk of the
Court is respectfully directed to close
docket number 105.

SO ORDERED.

Dated: February 3, 2025
```

Very truly yours,

*/s/ Josh Morrison*

Joshua L. Morrison, Esq.

_____
LORETTA A. PRESKA, U.S.D.J.